UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO IBARRA, an individual and GRAZIA IBARRA, an individual,<br><br>              Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. a Corporation, VAN RU CREDIT CORPORATION, a Corporation; and DOES 1 through 10 inclusive;<br><br>              Defendants. | CASE NO. 08-1966-WQH-RBB<br><br>**STIPULATED PROTECTIVE ORDER [DOC. NO. 27], AS MODIFIED BY THE COURT** |

      The parties hereto, by their respective counsel, having upon the terms and conditions of a confidentiality and protective order, it is therefore

      **ORDERED** that pursuant to Fed. R. Civ. P., Rule 26 (c), the following provisions shall govern the handling of such confidential information and documents in this action:

**1. Definitions**

For purposes of this Order:

(a) "confidential information" means information which the designating party deems to constitute trade secrets, know-how, proprietary data and/or commercial or financial information which the designating party has maintained in confidence. It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the documents and testimony to be covered hereby, and the duty of any other party or person to maintain confidentiality hereunder shall commence with such notice. Material may be marked "highly confidential" if it is for "attorneys eyes only" and independent experts as set forth in paragraph 6(c) of this order.

(b) "Producing party" or "designating party" shall mean the party (and its outside counsel) who is producing information to another party and who deems that information confidential.

(c) "Inspecting party" or "non-designating party" shall mean the party (and its outside counsel) who receives the confidential information supplied by the producing party.

(d) "Outside counsel" shall mean the law firms engaged by the plaintiff and the defendant to represent them in this litigation.

(e) "Document" shall mean any "writing", "recording", or "photograph," and any "original" or "duplicate" thereof, as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

(f) "Party," in the case of a party to this action which is a corporation, means any officer, director, shareholder or employee of such party, all of whom shall be bound by the provisions of this Protective Order.

(g) "Produce" means the transmission of any "document" during the

course of and in connection with this litigation, including appeals therefore, to a "party" or its "attorneys," whether voluntary or involuntary, whether pursuant to request or legal process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(h) "Person" means, in the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, government body or any other legal or business entity, unless specified herein to the contrary.

**2. Documents**

(a) Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copied and delivered to counsel for the inspecting party shall be marked "CONFIDENTIAL".

(b) The producing party shall designate the document as confidential at the time of its production and/or inspection by the inspecting party. The producing party's failure to do so, however, does not waive its right to designate that document or any portion thereof as confidential, if within thirty (30) days after production, notification is given as to the confidential status of the document. The post-inspecting party shall have no obligation, responsibility or liability for, or with respect to, any pre-designation dissemination of that document or the information contained therein.

**3. Deposition Testimony**

If confidential information is contained in deposition, trial or other testimony, the transcript may be designated as containing confidential information in accordance with this Order by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain confidential information. At any deposition session when outside counsel for a party deems that the answer to a question will result in the disclosure of confidential information within the meaning of this

1 Order, outside counsel may direct that the question and answer be transcribed
2 separately from the remainder of the deposition and if filed with the Court, shall be filed
3 in a sealed envelope marked in the manner set forth in Paragraph "5" hereof. When such a
4 direction has been given, the testimony shall be disclosed only to those individuals specified in
5 Paragraph "6" hereof. Outside counsel for the party whose confidential information is involved
6 may also request that all persons other than the reporter, outside counsel, and individuals specified
7 in Paragraph "6" hereof leave the deposition room during the confidential portion of the
8 deposition. The failure of such other persons to comply with a request of this type shall constitute
9 substantial justification of outside counsel to advise the witness that he need not answer a question
10 seeking the revelation of confidential information.

11 **4. Interrogatory Answers**

12 If an interrogatory answer contains confidential information, the answer shall be
13 provided in a separate document, appended to the main body of answers and
14 incorporated by reference therein. The response to the interrogatory in the main body of
15 the answers should be `Requests confidential information, see response in confidential
16 addendum, which response is incorporated fully herein by reference".

17 5. No items will be filed under seal without a prior application to, and order from, the
18 judge presiding over the hearing or trial. Any confidential information including, transcripts of
19 depositions or portions thereof, exhibits, answers to interrogatories, and responses to requests for
20 admissions which have therefore been designated as comprising or containing confidential
21 information, or any pleading or memorandum or other document purporting to reproduce or
22 paraphrase such information, if filed with the Court, may be filed in accordance with this
23 provision. Only when the judge presiding over the hearing or trial permits filing an item or items
24 under seal may confidential material filed with the Court be filed in a sealed envelope or other
25 container marked on the outside with the caption of this action and the following statement:

26 "CONFIDENTIAL. Filed Pursuant to Protective Order by _____ Not to be
opened nor the contents revealed except (1) to the Court and then resealed, (2) by
27 agreement of the parties, or (3) by prior order of this Court."

28 Whenever the Court grants a party permission to file an item under seal, a duplicate

4

disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the public document. The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously. The party filing the documents shall serve notice upon all other parties that the above procedure is being invoked.

At the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any confidential information for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared of persons not subject to the Order and that the Court employees be advised as to the terms of this Order.

6. (a) Each and every page or sheet of all transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, copies thereof, other documents and all information obtained by an inspection of files, facilities or documents by any party pursuant to pretrial discovery in this action that have been designated by the other party as comprising or containing its confidential information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be retained by the receiving party's outside counsel and shall not be disclosed or used by any non-designating party or other person other than those listed below.

(b) Confidential information shall not be disclosed to any person other than (i) outside counsel for the parties to this litigation and office personnel employed or engaged in the preparation for, or in aiding in the trial of this action; (ii) a party subject to the provisions of subpart (c) below, unless the material is marked "Highly Confidential;" (iii) independent outside persons (i.e., persons not employees of a party), not to exceed five, requested by outside counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action; (iv) the Court including necessary secretarial and clerical personnel assisting the Court; and (v) the jury.

5

(c) Each person to whom disclosure may be made by outside counsel for a non-designating party shall first be identified not less than ten (10) business days before the disclosure, to outside counsel for the party designating the information as confidential and shall, in a written instrument delivered beforehand to such outside counsel, acknowledge that he (or she) is fully familiar with the terms of this Protective Order and agrees in writing, to comply with, and be bound by, such Order until modified by further Order of this Court or by agreement of the parties hereto.

Outside counsel for the designating party shall have the right to object, in writing within five (5) days after receiving the required identification, to such disclosure to the person or persons selected by outside counsel for the non-designating party and should such objection be made, no disclosure shall be made to such objected to person without leave of the Court. Material marked "Highly Confidential" shall not be read or reviewed except by an attorney for a party or an independent expert of a party.

7. No person or party shall disclose to anyone not specified in Paragraph "6" any information designated as confidential under this Protective Order, without prior written consent of the designating party or further order of this Court. Confidential information disclosed pursuant to this Protective Order shall not be used by a recipient thereof for any purpose other than for purposes of preparing this action for trial.

8. The restrictions on dissemination of confidential information contained herein shall not apply to information which, prior to disclosure hereunder, is either in the possession or knowledge of an inspecting party or a person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act of omission of a party receiving the information designated as confidential, provided that if a party to this Order who is to receive any confidential information disagrees with respect to its designation as confidential information, in full or in part, including for the reason set forth in the beginning of this paragraph, it shall so notify the producing party in writing, and they will thereupon confer as to the status of the subject information proffered within

the context of this Order within ten (10) days of the sending of such notice, If the recipient and producing parties are unable to agree to the status of the subject information, any party to this Order may raise the issue of the designation of such a status to the Court upon 10 days written notice. The Court may raise the issue of designation of the confidential status without any request from a party. In any disagreement over the designation of confidential information, the designating party bears the burden of showing that the designated information is confidential information within the scope of this Order. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

9. This Order is intended to provide a mechanism for the handling of confidential information and documents, to the disclosure or production of which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order in any particular circumstance.

10. This Protective Order may be amended without leave of Court by the agreement of outside counsel for the parties in the form of a stipulation that shall be filed in this case. If the parties cannot agree to an amendment then a formal motion to amend must be filed with the Court. This Protective Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of the Court.

11. Upon final termination of this litigation, each party that is subject to this Order shall assemble and return to the producing party all items containing the producing party's confidential information produced in accordance with this Order, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that

may have been place thereon by counsel for the receiving party. All copies containing notes or other attorney's work product shall be destroyed promptly after final termination by the receiving party who will so inform the disclosing party. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information. Promptly after the return or destruction of items containing the producing party's confidential information, the receiving party shall by letter certify that all items containing the producing party's confidential information have been returned and/or destroyed, respectively. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by the receiving party and the receiving party has specified what has been returned by it. Notwithstanding the preceding sentences of this paragraph, one complete set of pleadings may be retained by each of the parties but any pleadings containing confidential information shall remain subject to all other provisions of this protective order.

12. Nothing herein shall prevent disclosure of any confidential information (1) by the producing party or (2) to any employee or officer of the producing party or (3) to any person, no longer affiliated with the producing party, who either authored, in whole or part, or who received the confidential information in confidence prior to the initiation of this litigation.

13. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product.

14. This Order shall survive the final termination of this action with respect to any confidential information. The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Order.

DATED this 31st day of August 2009.

Respectfully submitted by:

/s/ Michael P. Lavigne, Esq.
Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
and

/s/ Jeremy S. Golden, Esq.
Law Offices of Eric F. Fagan
2300 Boswell Rd, Suite 211
Chula Vista, CA 91914

**IT IS SO ORDERED.**

Dated: September 2, 2009

Ruben B. Brooks
United States Magistrate Judge

05823.00/156842

STIPULATED PROTECTIVE ORDER
CASE NO. 08-cv-1966-WQH-RBB